# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2576

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Stephen Lamar Hempstead, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: December 15, 2003

Filed: December 17, 2003

_____

Before BYE, BOWMAN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Stephen Hempstead appeals the sentence the District Court[1] imposed after he pleaded guilty to possessing five grams or more of a substance containing cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (2000). Hempstead's counsel has moved to withdraw and filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the District Court should not have classified Hempstead as a career offender under U.S.S.G. § 4B1.1 because the

_____

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

relevant two prior felony convictions were for related drug offenses. We conclude that the District Court properly applied career-offender status to Hempstead because it is undisputed that the prior drug offenses were separated by an intervening arrest. See U.S.S.G. § 4B1.2(c)(2) ("two prior felony convictions" means, in part, sentences for at least two qualifying convictions are counted separately in computing criminal history), § 4A1.2(a)(2) (prior sentences imposed in unrelated cases are counted separately) & cmt. (n.3) ("Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense).").

Upon our independent review under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____